IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| Sybil Angone, <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>City of Chicago, <br><br>　　　　　Defendants. | Case No: 26-cv-1930 <br><br> Complaint for Violation of Civil Rights and Supplemental State Law Claims <br><br> **JURY DEMANDED** |

## COMPLAINT

NOW COMES, Plaintiff, Sybil Angone, by and through her attorneys of record, ED FOX & ASSOCIATES, LTD., and files the following complaint.

## JURISDICTION AND VENUE

1. This is an action pursuant to the United States Constitution, and Title VII of the Civil Rights Act of 1964. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343.

2. Venue is founded in this judicial district upon 28 U.S.C. § 185(a) as this court has jurisdiction over the parties, and 28 U.S.C. § 1391 as the acts complained of arose in this district.

## PARTIES

3. Plaintiff is female, and a citizen of the United States of America.

4. Plaintiff resides within the jurisdiction of this Court. At all times relevant to this action, Plaintiff was working as an employee of the Defendant in the Department of Streets and Sanitation.

5. Plaintiff, as a citizen of the United States of America and Illinois, is entitled to all rights, privileges and immunities guaranteed to all citizens of the United States under the Constitution and Laws of the United States.

6. At all times herein mentioned Defendant, The City of Chicago ("City" or "Defendant") was and is believed and alleged hereon to be a municipal organization operating under the laws of the state of Illinois and is within the jurisdiction of this Court. The Department of Streets and Sanitation is an agency of the City of Chicago Illinois.

7. The City of Chicago operates the Department of Streets and Sanitation and is also an employer subject to suit under Title VII in that Defendant has 15 or more employees who worked for the employer for at least twenty calendar weeks in this year or last.

## FACTUAL ALLEGATIONS

8. Plaintiff has fully complied with the requirements of Title VII. She timely filed a charge with the EEOC and received a right to sue letter from the Department of Justice. Plaintiff has filed this complaint within 90 days of receiving her right to sue letter.

9. Plaintiff is a female who was employed by the City of Chicago, Department of Streets and Sanitation as a general laborer from on or about March 20, 2017 until her termination, which occurred on or about March 16, 2021.

10. Plaintiff began working her job on a garbage truck assisting with picking up trash throughout the City of Chicago.

11. Plaintiff worked on a garbage truck with another male individual. The truck was not properly equipped to have 2 people sit in the cab of the truck while being driven as one of the persons was forced to sit on the center console of the truck in this circumstance.

12. At all material times, Plaintiff performed her job according to her employer's legitimate expectations, and satisfactorily performed the duties and responsibilities of her job.

13. In or about April of 2019, the person driving the truck caused an accident by attempting to drive under an overpass that was too low for the truck to clear. As a result, the truck hit the overpass and Plaintiff was caused to be launched through the windshield of the truck causing her serious bodily injury.

14. Following the collision, Plaintiff had multiple surgeries and was forced to be off work for an extended period of time.

15. James Manzulla was Plaintiff's supervisor. Plaintiff's supervisor checked in with Plaintiff from time to time to see how her recovery was coming along.

16. While Mr. Manzulla was checking in on Plaintiff, several people at the Department of Streets and Sanitation began starting false rumors to the effect that Plaintiff was having an affair with Mr. Manzulla, who was married.

17. In or about April of 2020, Plaintiff returned to work from her medical related leave.

18. By the time she returned to work, the false sexual rumors about Plaintiff were widespread.

19. Plaintiff was called into the office by Pat Sanders, Plaintiff's supervisor, to explain the rumors that were occurring. Plaintiff explained that the rumors were false and that she was not having any affair with Mr. Manzulla.

20. Shortly after the explanation, the rumors became more rampant and vicious. Among other things, People were calling and referring to Plaintiff as a "slut" and "home wrecker," and voicing other sexual innuendos about and toward Plaintiff.

21. As a further example of the hostility that was being directed toward Plaintiff, on one occasion she was in a van on the way to a route with another Department of Sanitation employee, Jessie Rogers. Mr. Rogers began whispering vulgar things to Plaintiff, including "come on just let me get a taste." He proceeded to begin placing his hand on Plaintiff's thigh while in the truck; Plaintiff repeatedly had to remove his hand.

22. Plaintiff reported the foregoing incident to her supervisor Pat Sanders, and requested to know the names of other co-workers who were repeating the false rumors about the alleged affair.

23. To Plaintiff's knowledge, no meaningful investigation was done about Plaintiff's complaint and no action was taken as a result of her complaint.

24. By June, 2020, comments were being increasingly made to Plaintiff by both men and women at the Department of Streets and Sanitation. These comments included men asking Plaintiff for sex, commenting on her breasts and butt, and rubbing up against her when she would walk past them.

25. Plaintiff repeatedly reported the problems that she was having to Mr. Sanders. Among other things, Plaintiff requested that Mr. Sanders put Plaintiff on a one person route because working with her various co-workers had become intolerable as a result of the harassment.

26. Mr. Sanders did not address the problems caused by the harassment and refused Plaintiff's request to be placed on a one person route.

27. Because the problems were continuing, in or about August, 2020, Plaintiff called her union representative to see what could be done about the problems. He informed Plaintiff that he would call Mr. Sanders and work on a solution with him.

28. Very shortly thereafter, Mr. Sanders called Plaintiff into his office and reprimanded her for calling the union. He also criticized Plaintiff for complaining about the sexual harassment and ended the meeting, telling Plaintiff not to bother him about "this crap" anymore.

29. Plaintiff also voiced complaints to Katrika Scott, in Human Resources, about the sexual harassment. She did nothing and criticized Plaintiff for reaching out to her supervisor, Pat Sanders, about the harassment.

30. On or about March 12, 2021, Plaintiff again complained to Mr. Sanders about the treatment she was receiving. She also informed him that she was uncomfortable being alone with another male supervisor on a truck because she did not want to give a reason for others to start more rumors.

31. The following work-day, March 16, 2021, Plaintiff was terminated. The Defendant has lied and said that Plaintiff was insubordinate. At no time was Plaintiff ever insubordinate and always properly did her job to her employer's reasonable expectations.

32. Similarly situated male employees are treated more favorably by the Defendant in that they are not subject to sexual harassment as was Plaintiff, they are given more favorable working conditions, and their complaints are addressed in a reasonable manner

33. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to be proven at the time of trial. Plaintiff claims such damages together with prejudgment interest as permitted by law.

34. As a result of the aforesaid acts of the Defendant, Plaintiff suffered and continues to suffer emotional distress in an amount to be proven at trial. Plaintiff claims such damages together with back pay, front pay, and prejudgment interest as permitted by law.

35. The aforementioned acts of Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff. Thus, Plaintiff requests the assessment of punitive damages against the Defendant in a sum as determined according to law and proof.

### COUNT I

### PLAINTIFF AGAINST DEFENDANT FOR DISCRIMINATION/HARASSMENT ON THE BASIS OF PLAINTIFF'S SEX IN VIOLATION OF TITLE VII

36. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty five (35) as though fully set forth at this place.

37. Plaintiff was a female employee of the City of Chicago Department of Streets and Sanitation.

38. Plaintiff was qualified for the job she held with the City of Chicago and performed all job functions to the City of Chicago's legitimate employment expectations.

39. Despite Plaintiff's qualifications and job performance, she was intentionally discriminated against and harassed by the City of Chicago because of her sex/gender.

40. The City of Chicago discriminated against Plaintiff in the terms and conditions of her employment, including the terms and conditions that related to her working conditions. This discrimination included the harassment, the hostile work environment, the failure to reasonably respond to her complaints about harassment, and her termination of employment based upon pretextual and fabricated reasons.

41. Defendant's actions, as described above, are in violation of Title VII in that the City of Chicago acted to discriminate against Plaintiff in the terms and conditions of her employment because of her sex.

42. As a direct and proximate result of said unlawful employment practices, and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages and benefits, has suffered the indignity of discrimination, which has manifested in emotional distress, which has disrupted her personal life, and caused the loss of enjoyment of the ordinary pleasures of life.

43. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that she might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C., the Equal Access to Justice Act or any other provision set by law.

## COUNT II

### PLAINTIFF AGAINST DEFENDANTS FOR RETALIATION IN EMPLOYMENT IN VIOLATION OF TITLE VII

44. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty five (35) as though fully set forth at this place.

45. As alleged above the Defendant retaliated against Plaintiff for engaging in a protected activity; that is, repeatedly complaining about sexual harassment.

46. As a direct and proximate result of complaints about unlawful employment practices, Plaintiff was subjected to a further discriminatory and hostile work environment. The retaliatory acts included but are not limited to the termination of her employment.

47. As a result of the retaliation, Plaintiff has suffered lost wages and benefits, has suffered the indignity of discrimination, which has manifested in emotional distress, which disrupted her personal life, and caused the loss of enjoyment of the ordinary pleasures of life.

48. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through her attorneys, Ed Fox & Associates, requests the following relief:

A. That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

B. That Plaintiff be granted special damages, including lost wages, in a sum to be ascertained;

C. That Plaintiff be granted punitive damages in an amount to be determined at trial;

D. That the Court grant to Plaintiff her reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

E. That the Court grant such other and further relief as the Court may deem just or equitable.

BY:      s/ Edward M. Fox
         Edward M. Fox
         ED FOX & ASSOCIATES
         Attorneys for Plaintiff
         118 N. Clinton St.
         Suite 425
         Chicago, Illinois 60661
         (312) 345-8877
         efox@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:      s/ Edward M. Fox
         Edward M. Fox
         ED FOX & ASSOCIATES
         Attorneys for Plaintiff
         118 N. Clinton St.
         Suite 425
         Chicago, Illinois 60661
         (312) 345-8877
         efox@efox-law.com